IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Dorothy Oliver-Womack, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | 10-00949-CV-W-JTM |
| Patrick R. Donahoe, Postmaster ) | |
| General, United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On October 20, 2007, plaintiff Dorothy Oliver-Womack ("Oliver-Womack") began a temporary 360-day appointment as a Transitional Employee City Carrier ("TE City Carrier") with the United States Postal Service ("USPS"). Oliver-Womack initially began working at the USPS' Westport Station, but due to perceived performance problems, the USPS determined to remove Oliver-Womack. However, as an alternative, the USPS instead transferred Oliver-Womack to its Hickman Station and, later, its Southeast Station. Despite the change of locations and different supervisors, Oliver-Womack continued to exhibit what the USPS believed to be poor work performance. Finally, on May 29, 2008, a USPS supervisor met with Oliver-Womack to discuss her work issues, including specifically, attendance problems. Over the next two weeks, Oliver-Womack reported late to work and, on June 13, 2008 – eight months after her hiring, Oliver-Womack failed to come into work at all. On June 16, 2008, the USPS issued Oliver-Womack a letter of separation.

Thereafter, Oliver-Womack initiated an EEO complaint through the USPS' administrative processes. Oliver-Womack alleged that the USPS had subjected her to race discrimination, gender discrimination and age discrimination in failing to provide her with adequate training and in terminating her employment. After obtaining no relief administratively, Oliver-Womack filed the present action, *pro se*, asserting the same allegations. Currently pending before the Court is the motion for summary judgment filed by the Postmaster General. For the reasons briefly set out herein, the motion is granted.

Although Oliver-Womack makes some general assertions that certain USPS managers "did not like women" or were "partial to males," she offers no direct evidence of race, gender or age discrimination. Accordingly, the summary judgment analysis for Oliver-Womack's claims is derived from the seminal Supreme Court decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). *See*, *e.g.*, *Lake Yellow Transportation, Inc.*, 596 F.3d 871, 873 (8th Cir. 2010) (race discrimination); *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011) (gender discrimination); *Tusing v. Des Moines Independent Community School District*, 639 F.3d 507, 515 (8th Cir. 2011) (age discrimination).[1]

Under the *McDonnell Douglas* framework, to withstand summary judgment, Oliver-Womack is required initially to establish a *prima facie* case of discrimination. Such a *prima facie* case of discrimination requires an affirmative showing by an employee that:

---

[1] The Supreme Court has not "definitively decided whether the evidentiary framework of *McDonnell Douglas* . . . is appropriate in the [Age Discrimination in Employment Act] context." *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 129 S.Ct. 2343, 2349 U.S.,2009. Nonetheless, most federal courts, including the Eighth Circuit, do apply *McDonnell Douglas* to age discrimination claims.

> (1) she was a member of the protected group;
>
> (2) she was qualified to perform the job;
>
> (3) she suffered an adverse employment action; and
>
> (4) circumstances permit an inference of discrimination.

*Tyler*, 628 F.3d at 990. Upon a minimally satisfactory *prima facie* showing by an employee, "a presumption of discrimination arises, and the burden of production shifts to the employer to advance a legitimate reason for the employment action." *Hughes v. Stottlemyre*, 506 F.3d 675, 679 (8th Cir. 2007). However, if the employer does advance such a reason, then "the presumption drops out and 'the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven that the defendant intentionally discriminated against the plaintiff.'" *Id*. (*quoting Ryther v. KARE 11*, 108 F.3d 832, 836 (8th Cir. 1997) (*en banc*)). However, "[t]he ultimate burden of persuasion remains with the employee to show the adverse employment action was motivated by intentional retaliation." *Id*.

The USPS advances several arguments disputing the ability of Oliver-Womack to establish the requisite *prima facie* cases of race, gender, and/or age discrimination. The USPS advances compelling arguments. While the Court has concerns that Oliver-Womack can satisfy this prong of the *prima facie* cases, However, in light of Oliver-Womack's *pro se* status, the Court will nonetheless proceed to the remaining aspects of the *McDonnell Douglas* test. *Compare Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 850 (8th Cir. 2005) (noting that even a "minimal evidentiary showing" will satisfy the employee's burden of establishing a *prima facie* case of employment discrimination).

3

Working with the assuming that Oliver-Womack can establish a *prima facie* case of race, gender, age discrimination, the burden shifts to the USPS to articulate legitimate nondiscriminatory reasons for its actions. The USPS satisfied this requirement by pointing to the training offered to Oliver-Womack prior to her termination and to the repeated absences from work that precipitated her termination. In this regard, it is worth noting that in articulating a legitimate nondiscriminatory reason at the second stage of the *McDonnell Douglas* framework, the "burden on the [employer] is one of production, not persuasion." *Cherry v. Ritenour School District*, 361 F.3d 474, 478 (8th Cir. 2004). To that end, the burden to articulate a nondiscriminatory justification "is not onerous, and the showing need not be demonstrated by a preponderance of the evidence." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1052 (8th Cir. 2006). To satisfy this "minimal" burden, an employer need only introduce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the adverse employment action. *Klimczak v. Shoe Show Co.*, 420 F.Supp.2d 376, 383 (M.D. Pa. 2005). *See also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747 (1993) (*McDonnell Douglas* places a burden on employers only to produce "reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action"). Under this relaxed standard, the USPS easily meets its burden to articulate legitimate nondiscriminatory reasons for the level of training afforded to Oliver-Womack and for its termination of Oliver-Womack.

With the USPS having satisfied the second prong of the *McDonnell Douglas* framework, the burden of proving "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination" falls squarely on

Oliver-Womack. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 136, 120 S.Ct. 2097, 2106 (2000). Moreover, it should be noted that, with regard to the employment decision made by the USPS, the law is clear that "employers have wide latitude to make business decisions." *Lacroix v. Sears, Roebuck and Co.*, 240 F.3d 688, 692 (8th Cir. 2001). Thus, when an employer articulates a reason for affording certain training to an employee or for terminating an employee, it is not a federal court's "province to decide whether that reason was wise, fair, or even correct, ultimately, so long as it truly was the reason." *Wilking v. County of Ramsey*, 153 F.3d 869, 873 (8th Cir. 1998).

The Court has carefully and comprehensively reviewed Oliver-Womack's responsive pleading and, within reasons, has afforded all of the benefits due a *pro se* litigant. Unfortunately for Oliver-Womack, she simply fails to offer any evidence to raise a trialworthy issue regarding pretext. To be clear, it is obvious that Oliver-Womack sincerely believes that she was discriminated against by the USPS. However, Oliver-Womack's "beliefs," no matter how subjectively honest, plainly cannot establish a case of pretext. Oliver-Womack "must do more than simply create a factual dispute as to the issue of pretext; [she] must offer sufficient evidence for a reasonable trier of fact to infer discrimination." *Matthews v. Trilogy Communications, Inc.*, 143 F.3d 1160, 1165 (8th Cir. 1998). To that end, Oliver-Womack cannot avoid summary judgment by merely arguing that she "thinks" or "believes" or "feels" that illegal discrimination was the real motivation underlying her perceived lack of training and eventual termination by the USPS. *Grimes v. United States Postal Service*, 872 F.Supp. 668, 673 (W.D. Mo. 1994), *aff'd*, 74 F.3d 1243 (8th Cir. 1996). Ultimately, Oliver-Womack – even as a *pro se* litigant – is obligated to come forward with "significant probative evidence" indicating that the reasons put forward by

the USPS for Oliver-Womack's training and termination are mere cover to hide illegal discrimination. *Buettner v. Arch Coal Sales, Inc.*, 216 F.3d 707, 718 (8th Cir. 2000).

Oliver-Womack does point to some other USPS employees who were allegedly treated differently from her. However, none of the employees were similar to Oliver-Womack in relevant respects and, thus from a legal standpoint, Oliver-Womack's "evidence" does not advance an argument for illegal discrimination. At best, Oliver-Womack's arguments assert that the USPS made poor business decisions regarding Oliver-Womack. As noted previously, this is not sufficient under either Title VII or the ADEA. *Compare Davenport v. Riverview Gardens School District*, 30 F.3d 940, 945 (8th Cir. 1994) (any "argu[ment] that the infractions were not serious enough to warrant a discharge [or other adverse action] . . . merely questions the soundness of defendant's judgment," and does not demonstrate pretext for discrimination); *Clay v. Hyatt Regency Hotel*, 724 F.2d 721, 725 (8th Cir. 1984) ("While an employer's judgment may seem poor to outsiders, the relevant question is simply whether the given reason was pretext for illegal discrimination.").

For the foregoing reasons, it is

**ORDERED** that the *Defendant's Motion For Summary Judgment,* filed December 21, 2011 [Doc. #32] is **GRANTED** and summary judgment is entered in favor of Defendant Patrick R. Donahoe, in his official capacity as Postmaster General, United States Postal Service.

           */s/ John T. Maughmer*
           **John T. Maughmer**
           **U. S. Magistrate Judge**